UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN, ) | 1: 05 CV F-0188 OWW DLB P |
| Plaintiff, ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. ) | |
| APPEALS COORDINATOR AT CORCORAN STATE PRISON ) | |
| Defendants. ) | |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. sec. 1983.  Pending before the Court is Plaintiff's complaint transferred to this Court on February 10, 2005.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend

may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

Plaintiff names the Appeals Coordinator at Corcoran State Prison as the only defendant in the action. Plaintiff claims that the unidentified appeals coordinator violated his due process rights to file inmate appeals and failed to provide an inmate appeal assignment notice receipt within 5 to 10 working days as provided by the regulations.

Plaintiff's allegations fail to state a cognizable claim for relief under section 1983. Prisoners have no constitutional right to an inmate grievance system. Olim v. Wakinekona, 461 U.S. 238, 249 (1983). Thus, the non-existence of, or the failure of prison officials to properly implement an administrative appeals process within the prison system does not raise constitutional concerns. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley, 997 F.2d at 495 (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982); see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Specifically, failure to process a grievance does not state a constitutional violation. Buckley, 997 F.2d at 495. Thus, a prison official's involvement and actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

The Court finds it necessary to dismiss the complaint in its entirety. The Court will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some

1  affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v.
2  Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>,
3  588 F.2d 740, 743 (9th Cir. 1978).

4        In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to
5  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
6  complaint be complete in itself without reference to any prior pleading.  This is because, as a
7  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d
8  55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer
9  serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,
10 each claim and the involvement of each defendant must be sufficiently alleged.

11       In accordance with the above, IT IS HEREBY ORDERED that:

12         1. Plaintiff's complaint is dismissed;

13         2. The Clerk's Office shall send plaintiff a complaint form; and

14         3. Plaintiff is granted thirty days from the date of service of this order to file an
15 amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of
16 Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket
17 number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original
18 and two copies of the amended complaint; failure to file an amended complaint in accordance with
19 this order will result in dismissal of this action for failure to state a claim and failure to comply with
20 the court's order.

21       IT IS SO ORDERED.

22 **Dated:   June 10, 2005**            **/s/ Dennis L. Beck**
    3b142a                              UNITED STATES MAGISTRATE JUDGE
23
24
25
26
27
28