UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>APPEALS COORDINATOR AT<br>CORCORAN STATE PRISON<br><br>　　　　　　Defendants. | CV F- 05-0188 OWW DLB P<br><br>ORDER DISMISSING AMENDED<br>COMPLAINT WITH LEAVE TO<br>AMEND |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. sec. 1983. Pending before the Court is Plaintiff's amended complaint filed on July 1, 2005 after this Court dismissed the original complaint for failure to state a claim upon which relief could be granted.

　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend

1  may be granted to the extent that the deficiencies of the complaint can be cured by amendment.
2  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

3        Plaintiff names Warden Scribner, Associate Warden Sheppard Brooks, Captain Lowden and
4  Lietenant Means as defendants in this action.  Plaintiff contends that these defendants have refused
5  to acknowledge his requests for inmate interviews and his requests for law library access.  He alleges
6  that defendants have refused to return written staff responses to his appeals in violation of the due
7  process clause.

8        Plaintiff's allegations once again fail to state a cognizable claim for relief under section 1983.
9  As plaintiff was previously advised, prisoners have no constitutional right to an inmate grievance
10 system.  Olim v. Wakinekona, 461 U.S. 238, 249 (1983).  Thus, the non-existence of, or the failure
11 of prison officials to properly implement an administrative appeals process within the prison system
12 does not raise constitutional concerns.  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick
13 v. Alba, 932 F.2d 728 (8th Cir. 1991). "[A prison] grievance procedure is a procedural right only, it
14 does not confer any substantive right upon the inmates."  Buckley, 997 F.2d at 495 (citing Azeez v.
15 DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982); see also Mann v. Adams, 855 F.2d 639, 640 (9th
16 Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural
17 protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10;
18 Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  Specifically, failure to process a
19 grievance does not state a constitutional violation.  Buckley, 997 F.2d at 495.  Thus, a prison
20 official's involvement and actions in reviewing prisoner's administrative appeal cannot serve as the
21 basis for liability under a § 1983 action.  Buckley, 997 F.2d at 495.

22       To the extent plaintiff claims that based on defendants' actions, he was denied access to the
23 court system, plaintiff must allege that he suffered an actual injury.  Plaintiff is advised that a
24 prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered
25 "actual injury." Lewis v. Casey, 518 U.S. 343, 349-50 (1996).  The right to access the courts is
26 limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging
27 conditions of confinement.  Id. at 354-55. "An inmate cannot establish relevant actual injury simply
28

by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." Id. at 351.  Rather, the inmate "must go one step further and demonstrate that the library or legal assistance program hindered his efforts to pursue a legal claim."  Id.  The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded."  Id. at 353.  In Lewis v. Casey, the Supreme Court defined prisoners' right of access to the courts as simply the "right to bring to court a grievance."  Id. at 354.  The Court specifically rejected the notion that the state must enable a prisoner to "litigate effectively once in court."  Id. (quoting and disclaiming language contained in Bounds v. Smith, 430 U.S. 817, 825-26 (1977)); see also Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995) (determining that prisoners' right of access to the courts is limited to the pleading stage of a civil rights action or petition for writ of habeas corpus).  Here, it appears that plaintiff claims he was denied access to the law library but he does not allege any "actual injury."  Thus, plaintiff fails to state a claim for relief under section 1983.

Further, plaintiff is advised that supervisory personnel, such as Warden Scribner and Associate Warden Sheppard Brooks are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy "so deficient that the policy itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation."  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

In summary, the Court finds it necessary to dismiss the amended complaint in its

1  entirety.  The Court will grant plaintiff one final opportunity to amend to cure the
2  deficiencies of this complaint.  Failure to cure the deficiencies will result in dismissal of this
3  action without leave to amend.
4       As previously advised, if plaintiff chooses to amend the complaint, the Court cannot
5  refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule
6  15-220 requires that an amended complaint be complete in itself without reference to any
7  prior pleading.  This is because, as a general rule, an amended complaint supersedes the
8  original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files
9  an amended complaint, the original pleading no longer serves any function in the case.
10 Therefore, in an amended complaint, as in an original complaint, each claim and the
11 involvement of each defendant must be sufficiently alleged.
12      In accordance with the above, IT IS HEREBY ORDERED that:
13           1. Plaintiff's complaint is dismissed;
14           2. The Clerk's Office shall send plaintiff a complaint form; and
15           3. Plaintiff is granted thirty days from the date of service of this order to file a
16 second amended complaint that complies with the requirements of the Civil Rights Act, the
17 Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint
18 must bear the docket number assigned this case and must be labeled "Amended Complaint";
19 plaintiff must file an original and two copies of the amended complaint; failure to file an
20 amended complaint in accordance with this order will result in dismissal of this action for
21 failure to state a claim and failure to comply with the court's order.
22
23     IT IS SO ORDERED.
24     **Dated:   June 9, 2006**             **/s/ Dennis L. Beck**
   3b142a                                UNITED STATES MAGISTRATE JUDGE
25
26
27
28