# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>A. SCRIBNER, et al.,<br><br>        Defendants. | CASE NO. 1:05-cv-0188-LJO-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT<br><br>OBJECTIONS DUE MAY 18, 2007 |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a second amended complaint on September 8, 2006.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and exhaustion must occur prior to filing suit, McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

"[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 127 S.Ct. 910, 918-19 (2007) (citing Porter, 435 U.S. at 524). "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural

1 rules . . . ." is required, Woodford v. Ngo, 126 S.Ct. 2378, 2386 (2006), and may not be satisfied "by
2 filing an untimely or otherwise procedurally defective . . . appeal," id. at 2382.

3 In this instance, plaintiff concedes in his complaint that although a grievance process was
4 available to him at Corcoran State Prison, his appeal on the issues which are the subject of this action
5 is not yet complete.  (Doc. 16, § II.)  "[E]xhaustion is mandatory under the PLRA and . . .
6 unexhausted claims cannot be brought in court."  Jones v. Bock, Nos. 05-7058, 05-7142, 2007 WL
7 135890, at *8 (Jan. 22, 2007) (citing Porter, 435 U.S. at 524).  Because it is clear from the face of
8 plaintiff's complaint that he did not exhaust the available administrative remedies prior to filing suit,
9 this action must be dismissed.  42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th
10 Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .").

11 Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without
12 prejudice, based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claim
13 prior to filing suit.

14 These Findings and Recommendations will be submitted to the United States District Judge
15 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  On or before May 18,
16 2007, plaintiff may file written objections with the court.  The document should be captioned
17 "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure
18 to file objections within the specified time may waive the right to appeal the District Court's order.
19 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21 IT IS SO ORDERED.
22 **Dated:   April 19, 2007**             /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE